Welcome you again, Judge Diamond. And with that, we'll call the first case Mr. Gottfried. Mr. Gottfried, two things before you begin in scheduling. We got a little bit overly generous and I think you'll realize that you, 15 minutes each for both these cases may be more than is needed. So we're going to reduce your time to 15 minutes and then call on the appellees for their respective arguments. If you need more time on rebuttal, we'll be glad to give it to you. And we would ask counsel for both sides to initially address the jurisdictional question that we Thank you, Your Honor. So do you want to request some time for rebuttal? Yes. My name is Michael Gottfried. I'm from Duane Morris. I represent the appellants in both cases in this consolidated argument. And in light of the court's schedule, I'd like to reserve three minutes for rebuttal if I can. All right. That's fine. And we'll give you some additional time if you need it. That's great. Thank you very much, Your Honor. I would like to start, as the court has requested, with the jurisdictional issue that you raised. It is the appellant's position that this is a final appealable order under 28 U.S.C. 1291. We think there are at least three reasons why this is the case. The first case, as the panel knows, is that one of the issues we're appealing today is whether there is an appealable issue, whether there is even the ability to go through the administrative process. And if we were required to exhaust our administrative remedies before we had a chance to argue that appeal, we would be forfeiting that right. And I think that's an important reason why this is a final order. Secondly, we would rely on this court's opinion in Booth v. Lorenzo, which we cited in our complaint that we've exhausted our administrative remedies. We, in fact, have not exhausted our administrative remedies. Our claim in this case is to do so would be futile. And as a result, under the holding of Booth v. Lorenzo, particularly the footnote one of that unpublished opinion, which is April 22, 2008, we believe this is a final appealable order. And then finally, if the court allows the dismissal without prejudice to stand, we are going to run afoul of the statute of limitations. There's a three-year statute for the claims that we brought, and we would lose those claims. So for those three reasons, I believe that the court does, in fact, have jurisdiction to hear this appeal at this time. If I could now, with the court's indulgence, move on to the merits of our appeal. As I highlighted in my discussion of jurisdiction, our first issue in this case is, is there an appealable issue here in this case? And I think it's important in looking at that issue to look at the district court's opinion, where Judge Sleep noted expressly that both he and the government agree that the case as brought by these appellants against these contractors is not... Mr. Gottfried, let me take you back a step. Why is administrative exhaustion futile? Administrative exhaustion in this case is futile because what this case is about, and I think the Falick case that we cite in our papers out of the Sixth Circuit is very instructive in terms of looking at why it's futile, because in that case, the contractors have miscast our claim as one that looks at a claim-by-claim analysis of these claims by the providers. And that's really not the case. This is a case where we're asking the district, or we are asking the district court, to look at the claims to the regulation. The district court judge said, this is a simple, straightforward case of applying the claims to the regulation. And that's correct. And that's what needs to be done. Administrative, further administrative appeal is unnecessary here because the government, in its statement of interest, has said very clearly that it has made up its mind as to how this regulation is to be interpreted, and that's clear. Indeed, at the... Where is, I mean, it seems to me the only way it would be futile would be if there was no possibility that you could ever get your facility costs paid. As I understand the government's position is if you, and it's not, I grant you from the briefs at least, it's not clear, at least not to me. If you build a facility cost separately, some may be paid and some may not be paid, if that's the government's position, would administrative exhaustion be futile? I believe it would. Let me, let me read what Ms. Ullman, representing the government, said at the hearing in front of Judge Sleeve. No, no. My question is, if the government's position is as I just stated it to be, would administrative exhaustion be futile? I think the answer to that is yes, it would be futile. Why? If some of your, if through the administrative process some of your facility charges would be paid, why is that futile? Well, because all of the claims in this case are identical. We bill, as we indicated in our papers, on a UB-92. It's a single unitary charge for each item that's rendered on the bill. That's what we've done. And so the reason exhaustion shouldn't be required and you don't have an appealable issue here is because what we've said very clearly is you have identical claims that we bill on a UB-92. They have all been paid at CMAQ. We say paying at CMAQ alone does not pay us for our facility charges as bill. It's a simple, straightforward issue that the government has said, that's wrong. We think all you get is CMAQ. We think you have to bill facility charges separately if you're going to get them. And we've said, that's not our point. Isn't that what the reg, isn't it? The example they give in the Statement of Interest is that you bill a charge for radiology at $100 and you got $15.90. And you bill the charge for emergency rooms at $300 and you got $300, which was the facility charge that they paid for emergency room care. Isn't what you're trying to do is get the difference between the $15.90 and the $100? Yes. Okay. And aren't you trying to say that's the facility's charge? Yes. Okay. But aren't they saying that the regs say, you have to specifically say, here's a bill for emergency room. The bill is X. And I take it, they can answer the question, but I take it if they deem it appropriate, they'll pay it as you bill it. I believe that would be their position. But I think your Honor's question gets to the heart of this appeal, what's before you today. Okay. We say we're entitled to a decision up or down on the merits of the claim, which is what your questions go to. There are no other facts that need to be adduced. We've billed the way we've billed. It's undisputed. We've used the UB-92. But counsel, if you get the relief you're seeking, you get the money, you get the difference through the administrative process, why is that a futile act? Because we won't. The government has made it clear that they will deny, that they disagree with our interpretation. The contractors have made it clear that they disagree with our interpretation. So you want to continue billing it the way I described it. You want to continue to put in a CMAQ. You want to put a charge in for radiology that includes facility charge. And they want to pay you for what they have listed as a schedule of fees for radiology at X, U1X plus Y. That's correct. And again, on this appeal, listen, I understand that the district court judge or this court, if it reviews that, may conclude on the merits that we're either right or that we're wrong. But our position on the appeal today on a case that was dismissed for failure to exhaust administrative remedies is that call, that decision by the court, is right for decision today. There are no facts in dispute. The regulation is clear. The judge even said in footnote seven of his opinion that he doesn't need primary jurisdiction because he can interpret it. So the question is, it's really a futile act. There's no purpose to be served by sending the case down. You could make that decision right now looking at the regs and looking at the way we billed. And that's our point. If the statute of limitations had not run and you went through this administrative process and they said, no, we're not going to pay you more than $1590 for x-rays. But if you have a claim for a facilities charge for that part of the hospital where the radiology equipment is situated, submit it. We'll look at it. We'll pay it. You're saying that you can no longer submit that because of the some claims could get cut off. Would be dropped out. That's correct. But obviously not claims within three years and not prospective claims. Yes. So my understanding is it was delayed from the time of the hearing we had with the Delaware court. But my understanding is as of May, they've now actually moved away from this scheme and they're now on something called OPPS. So this really is, as I understand it, about this period of time from the time these regs were in system called OPPS. Mr. Godfrey, Judge Sleet, and I'm reading from his opinion, page 13, it's appendix 16 on your brief. The dispute is thus not over the requirement of the regulation. Instead, the dispute is over whether the hospital's claim charges qualify for reimbursement as facility charges. He's just wrong about that? Yes. And again, I do refer the court to the mixed question of law and fact. I think not in this case, Your Honor. Let me explain why. This is not a situation where we're looking at claims that have not been paid. These are claims that have been paid. The contractor has already determined that they're eligible beneficiaries. They've already determined that the service has been provided. The only issue that's before the court is how much do you get paid at charges because we think that the only way to give meaning to Roman numeral 11 in the regulation is to pay facility charges as bill. And we would further say that the only way to bill the facility charges on the UB92 is to put the whole charge in box 47. That's the only issue. This is a dispute about how much. It's not are eligible beneficiaries. We're not going into the minutia of any particular claim. This is a very simple, straightforward case that we say we're entitled to an up or down by the court who's the appropriate party to make the decision as to what this regulation means now. And that there's nothing further that can be developed that would aid the court in making that decision. Judge Sleet asked the government, what else will I know if I send this down for further review? And Ms. Ullman said, the agency has given its opinion on what the regulation says. In fact, it has paid, they could tell you better than I, how many millions of claims using that process. This is, as again, the Fela case says, the argument that we're looking at all these different claims, and Judge Sleet was wrong on that point, I would say. There's a lot about his opinion that I agree with, but on this point, he's wrong. This was not about looking at individual claims. This is a global methodology issue, is what we're talking about. Whether it's right or wrong to bill all of the claims the way we did. And if you make that call once, it will have application to all the claims, as I said to Judge Sleet below. But it's one judicial interpretation as to what the regulation means, and applying it to a particular method that these contract, or these providers, the non-participating providers, are required to bill under the UB 92. That's why we think it's ripe for decision by the I'm reading. Before Judge Diamond asks that question, Mr. Gottfried, we'll put an additional five minutes on your clock. Okay, thank you, Your Honor. Thank you. I'm reading from the appendix at page 184, the position the government took below. Under DOD regulations, when there is a CMAC, that is the maximum amount TRICARE will pay for the claim service. No other charge for the same service, no other charges for the same service are payable by TRICARE. Then it goes on to say, TRICARE can pay a facility charge in addition, but that facility charge is not the difference between the billed amount for a service covered by a CMAC and the CMAC, but a separate charge to cover the use of facilities. Now, I'm not entirely sure what that means. But it might mean, as Judge Fischer suggested a moment ago, that if you build a facility charge separately from the CMAC, they would consider paying it. Isn't that what's being said here? I think that's what's being said here, and what we're saying back to that, if I may, Your Honor, is that that's not this case. We billed on a UB92 checking box 47, and we submitted that. We believe that's constant with the regulations, which specifically allow you to bill for your facility charges as billed. Now, they seem to think that they can somehow cut that facility charge down in some form or fashion because our charges don't equal that, but that's not what the regulation says. It says your facility charge is paid as billed, and what we would say is that a hospital, when it develops its charge master, looks at these overhead figures, which are within the definition of facility charge, looks at the cost of the equipment, and comes up with its charge. And, you know, this is nothing new. So what I'm understanding you to say, and maybe I'm not understanding you imperfectly, you're saying that you don't want to compromise your facility charge, and you don't want the DOD or the contractor to compromise your facility charge, and so you should be allowed to bill it all as one charge under the regulation. That's correct. However, if you pursued it administratively through a billing method you don't like, you still might get the entire facility charge. You might not under this, correct? I would say the answer to your question is no, and the reason is because that's not what we've done. You know, that's not how we billed it. But if you did, if you followed what Judge Sleet ordered and pursued an administrative remedy and broke out the facility charge separately, you still might get paid the full facility charge, correct? Yes. The answer to that, I believe, is no, because I don't believe there's any way to bill under a UB-92 for a separate facility charge. Further, we would have a statute of limitations issue with respect to number of claims. The contractor's claim for the administrative appeal is a one-year statute. The state law statute is three years. So there would be a whole series of claims that would be lost. There would be no equitable tolling of any kind given that you've billed it, and you're simply now billing it in a different fashion. You're saying that you're going to be time-barred because the court told you you billed it one way, now bill it another way, almost like amending your complaint. You're saying that wouldn't toll the statute? Your Honor, I'd certainly attempt to argue that, but the point is that's not the way we billed it. We don't believe there is a way to bill it a different way. I think when you look at the reg, and I think this is an important point if I may briefly, if you look at the reg and you look at the definitions, say, of laboratory services or radiology services, and you look what they're saying, they're saying that you're going to get paid for the technical component of CMAQ, and that means the equipment. And so what's excluded from that is the facility charge. Their position is that by paying the CMAQ, that's all you get. Isn't the problem here that, as per the regulation, there is this form, the UB92, there's a block 47, and you're putting a number in for radiology services without any amplification or explanation, correct? There's no place to put it. Nope, there's no place. Okay. You're put in $100. They said, no, we're going to pay you $15.90. The reg doesn't permit an additional amount for a facility charge or anything else, where they don't permit paying $31.80 for radiology. They say it's worth $15.90. Whether that's fair or it isn't fair, as a non-network provider, that you agreed to provide a service, that's what they're going to give you. Isn't the crux of this, let's assume for a second that you're properly before us and that there's not an appealable issue, isn't the crux of this is that you just haven't billed in conformance with the regulation? We say no. We say we think we are entitled under the regulation to get our facility charges billed. Yeah, but you haven't identified in any fashion, because UB92 doesn't allow you to identify in any fashion, what makes up the difference. So how are they going to know what makes up the difference? And how can they pay you for facilities charges billed when they really don't know what that is? Again, the regulation says that you get paid your facility charges bill. Yeah, but you don't even, UB47, there's no way as I'm understanding what you're saying, I have to tell you, I did have some difficulty until just yesterday understanding exactly what you were asking and you explained it even better today. Thank you. But it seems like there's just no way under the regs for you to ask the facility charge in Block 47. Well, I guess, A, that goes to the merits and we'd be happy to have an up or down decision on that point and that's what we're asking this court to allow us. So I understand and I said, let's assume you're here properly. So you want us to say, you, Judge Sleet, you should decide this. Correct. Not the DOD. I would amend it slightly if I may. I would say, for purposes of what we're talking about today, is DOD and the appellants have decided it inalterably. They have made up their mind. Their position is set in stone and now it's for the courts, in this case Judge Sleet, if the court remains it back to him, to determine whether the government's position is correct and the contractor's position is correct or whether the community hospitals, the hospital's position is correct. And that's what we're saying is the error below. That just as we've been able to have a fulsome discussion on the merits today because the positions are fixed, what I argued for and asked Judge Sleet for in that conference where we discussed the motion to dismisses, we should have some limited focused discovery so we can see what the government has said to the contractors about these issues so we have context for their statement of interest. And then we could decide this on summary judgment. And we asked him to have that hearing and give us that up or down. And we would rise or fall on our merits arguments. We think, given the opportunity to brief those issues as opposed to the procedural issues that we hear today, that we're confident that we could convince the court both below and above of the merit of our position. But the reason we're here today is because we were denied that opportunity. And we say it's not an appealable issue and that it would be futile even if it was. And for those reasons, what we're really asking for is our day in court. Before you said that the government's position is or the decision is set in stone, that your sole basis for that is just a statement of interest? No. Our basis for that, again, similar to the Falick case, is certainly the statement of interest, the statement of the government in open court that was captured in the transcript. But as you look through, I understand it's a rather limited appendix. The contractors, because we did, like Falick, try to get this resolved and try to get an interpretation, asked the agency, asked TRICARE for its interpretation. Those letters are part of the record. And so when you look at the totality of the letters, the statement of interest, and the statements in the transcript, I think it's clear that their interpretation of this regulation, although I disagree with it, is set and that they have fixed it and that it's not going to be changed in any meaningful way. Well, has the government heard your argument yet? Absolutely. I mean, we've had many discussions. Like the Falick case, we've had many discussions with TRICARE. They were certainly in court that day. We've had many discussions about these issues. And regrettably, I have been unable, as my partner has, to convince them of the merits of our position, which is why we've come to the courts, to who is the referee, the arbiter, to make these ultimate calls as to who's right about these issues. And I believe firmly that we are, and I believe that we're entitled to, at this point in time, given this record, to have the court decide the merit of the case and not have it basically... All right. Mr. Gottfried, thank you. We understand your point. Thank you very much, Your Honor. And we'll have you back on rebuttal. Thank you very much, Your Honor. Mr. Gassaway. Thank you, Your Honor. Judge Fischer, may it please the Court. Robert Gassaway on behalf of the Appellees and Cross-Appellants Tri-Rest Healthcare Alliance Corporation. Your Honor, pursuant to your request, I will begin with jurisdiction. We think jurisdiction is appropriate in this Court, and that the order below is final and available in 1291, because the plaintiffs have chosen, in the face of an exhaustion dismissal without prejudice, to stand on that complaint. That's what footnote 1 of the Booth case says. That's also what this Court said in a series of other cases, all since 2000. DeHart v. Horn. Mr. Gassaway, is your position carved in stone, is Mr. Gottfried right, with respect to whether or not they can ever get a facility charge paid if they pursue an administrative remedy? No, they can get facilities charges paid. How do they bill it? Well, that's the whole question, Your Honor. That's the whole question, is how have they billed it? We don't know how they billed it. They say it's undisputed. They say it on page 20 of their opening brief. On page 22 of their opening brief, if you look at that, I heard it here today. It's undisputed. Your Honors, you're exactly right. Everything is undisputed about how it's been billed. We don't know if they completed those UB forms correctly. We don't know if they completed them completely. We don't know if they submitted them timely. We don't know what reactions were gotten at. Everything is undisputed. So your argument is this is the kind of thing that gets fleshed out during the administrative process? And must be fleshed out during the administrative process for two reasons. If this isn't the kind of thing that can be fleshed out in the administrative process, Your Honor, what is? I mean, look at the transcript of the hearing this morning. We're talking about box 47 on UB form 92. We're trying to apply these incredibly complex regulations to that. If you don't think they're complex, ask your clerk. Well, it doesn't seem that complex to me at this stage. At one time, it did. But the issue to me seems pretty simple. Can a provider who's a non-network provider get the difference between what you want to pay and what they want to pay in box 47 under the regulations? If you're looking backwards, Your Honor, the question is what services did they provide? How did they bill it? Did they ever put the facility charge out? Yeah, but haven't you said under no circumstance are we going to give you more than $15.90 for radiology if you put it in box 47? Well, it depends on the... Hasn't your client said that? No. What we have said is that we will comply with the regulations and if at any point... But hasn't your client said the regulation says you're only going to get $15.90? And Your Honor, that's... Yes or no? My client is... Yes or no? Yes, my client has said that. All right. Okay. And let me say exactly what they have said. My client has said yes, the regulation says that. How much more complex could the case be than that? It seems to me the question is who's right or wrong on box 47? Well, if that's the case, Your Honor, then we win for other reasons. Well, that may be, but why do you need to send it back to... Let me finish. I apologize for stepping on you, but let me... You're in the black, right? Well, I hate to say it that way. But it just seems that what is an administrative hearing going to produce if the dispute is whether or not you can get more than what you're willing to pay in box 47? Okay, Your Honor. Let me step back a minute. There are two cases that are being litigated here. One is a challenge to the government's regulatory interpretation, and another is a challenge to the application of that interpretation to the hundreds of claims we believe the top sellers have provided. The case that was brought to the law and the case that they're bound with has to do with the application of that. I would ask the court to look at paragraph 52 of the complaint. Mr. Gassaway, I don't think you're answering Judge Fischer's question, and as far as futility goes, it's really the only question. What I heard you say when you answered Judge Fischer's yes or no question, yes, your client has said that they're never going to pay that difference. The regulation does not allow them to pay that difference. You're telling me that there is no point in taking it through an administrative hearing because it doesn't matter how many I's they dot or T's they cross, your client's position is it's never going to be paid. No, Your Honor. Then it is going to be paid. No, Your Honor, for two reasons. Number one, our position is that the government's position is this cannot be paid under the regulation. That's the starting point. But there's two critical additional factors. One is there is an appeal to the government. This is not like the pallet case where you just have to go to the contractor with no appeal to a third party. There is an appeal to the government on section 199.10. And you think the government is going to say we didn't mean it when we said the regulation doesn't allow you to get paid? No, I don't. I know I don't, Your Honor. Then isn't that futile? No, for two reasons, Your Honor. Number one, because the government can waive any provision of the regulation under section 199.10. You're saying the government didn't mean it. The government may say we didn't mean it when we said the regulation doesn't allow a service fee to be paid, a facility charge to be paid. Is that what you're saying? I'm saying that the government said you can bring this case before us and we will look at it case by case. That's what the government says. That's what the regulations provide. But our interpretation of the regulation is we will not allow a facility charge. The regulation does not allow a facility charge to be paid. That's exactly right. We have a current understanding of the regulation, but we have the ability to waive it. And we want more information. We want exactly more information. So that the reason we go through an administrative process is in the hope that charge by charge, administrative appeal by administrative appeal, the government may waive its position in some of those instances. Is that what you're telling me? That's exactly right. And the reason you have to do that, Your Honor. Any indication at all that the government's prepared, in the record, that the government's prepared to waive? Yes. What indication do we have in the record? In the state, well, to waive. No, but to look at the claims with an open mind, Your Honor. That's exactly what the government said in the statement of interest. Is bring your claims here and we'll look at it with an open mind. Your Honor, if I... Having taken the position that we're not going to, the regulation doesn't allow us to pay them, we're still keeping it, that's your definition of an open mind? That's what the government said, Your Honor. But I think there's a more fundamental problem here. Let me say what that is. Where do they say, go ahead, go ahead and answer. Okay, I'm sorry. They cannot bring that substantive challenge in this appeal. They did not bring it below. They cannot challenge the regulation of the government. They cannot divert from the government's position for two reasons in this case. Because the government is not a party. The critical case for us on this, Your Honor, is the Bay Medical case. And I would encourage, that's their biggest case in the briefing, I would encourage you to look at count two of the Bay Medical case. What they did in the Bay Medical case is they said, number one, we have a contract that allows us to get the money here. But number two, if we don't, we're going to name the government of the party, we're going to plead a separate count against them, that their policy is incorrect. And number three, we're going to give a reason for the incorrectness of that party. So you're saying, Mr. Gassaway, that, just so I understand you correctly, that your client feels obligated to follow the government interpretation of the regulation. And so your client has to, in effect, reiterate what the government has said, which is the regulation does not allow a facility charge to be paid. But the government itself may waive that. Did I state that correctly? Exactly. Aren't we kind of watching a performance of Hamlet without Hamlet getting on the stage then? Exactly, Your Honor. We are. And we need Hamlet on the stage. And that's our whole Rule 19 point. If you do allow them to reformulate their claim, if you do allow them to deviate from paragraph 52 of their complaint, where they say, this claim is for an implied and fact contract to follow the regulations and the policies interpreting that regulation. And if you look at that leitmotif, and they mentioned a letter there too, that's not only in paragraph 52, it's in the next paragraph 53. We relied on the interpretation. It's repeated again in other paragraphs, paragraph 33, 36, 37. Again, and again, and again. Our complaint is about them not following not just the regulations, but the government's policy, longstanding policy, interpreting that regulation. Now we've got a whole new case. Now we've got a whole new case that says the government interpretation is incorrect. We don't think they can do that. We don't think they can go like a bee buzzing from flower to flower. But if they can, it fails for a completely different reason. It fails for the reason that you cannot sue a private contractor, leave out the government, and say, we want a new interpretation, contrary not only to the face of the regulation, but to the interpretation of that regulation. We want a facial declaration of invalidity of those regulations as authoritatively interpreted by the government, without bringing the government in. And if you look at the Bowles versus Greenville case, if you look at the Jameson versus McAllen case, if you look at the George versus Bay Area Rapid Transit case, if you allow them to reformulate their complaint, all three of those cases brought the government in on appeal, the courts of appeal, even though the issue wasn't raised, because those courts of appeal said, you just cannot let that happen. You cannot let them reformulate their complaint, challenge the policy of the government, and not have the government be heard. Under the case they presented below, yes, they have to exhaust their administrative remedy. But under the case they presented in this court today, no, it fails for a different reason, the fact that the government is a necessary part of it. Now, Your Honor, you had a question. No, no, go ahead. If I could return to exhaustion, the basic point here, Your Honor, and I think it came out in the questions this morning, is the crux of this case is... Mr. Gassaway, if you would, make sure you're speaking into that because there's the recording device. Okay. You're leaning a little bit ahead of it. I just want to make sure that your voice is picked up. I'm sorry. Your Honor, the crux of this case is exactly what we said before, how they bill for the facility charges. That is the case that they brought below, and that's the case that they have to exhaust their administrative remedy for. And there's for two reasons. Number one, they say this is a simple determination on the merit. As to a retroactive determination on the merit, on summary judgment, Your Honor, think of the logistics that a district court or a magistrate judge would have to go through in order to determine $100 million worth of claim, claim by claim by claim, on summary judgment without the benefit of the administrative expertise of applying all those regulations to it. Secondly, Your Honor, and again, the extent that they're not allowed to reformulate this into a facial challenge, what claims could there be that would go through the administrative process? It's very difficult to think of any claim if it's not the claim for a facility charge on UB-92 with Box 47. Just a couple of cases, Your Honor. Going to the following along that line, let's assume they go back. They're back before the administrative review, for administrative review at DOD. Aren't you going to take the same position you've taken? If you don't, if you have not previously billed specifically a facilities charge, we're not going to pay you more than the CMAQ calls for in Box 47. Isn't that going to be your position? That's exactly it. What you've basically stated here is, well, the government has the ability to look and say, well, we're going to waive the regulation and we're going to take some additional testimony as to whether or not there may have been more in that request that may have represented a facilities charge. That's correct. Okay. So your position, your client's position isn't going to change. My client's position is not going to change. But remember, my client's position is position 1-4. My client's position is just on reconsideration. But then you can ask for a formal determination. Right. Then you can ask for a formal hearing. Then you can go all the way up to the director. And those people certainly do have the ability to waive this. And I would say, Your Honor, just because it was mentioned. Is there any DOD history on this kind of question? On this kind of question? Is this a specific question? Has this question ever come up before? No, Your Honor. From any other provider? No, Your Honor. And that's what's so frustrating about this. I do think that the fact that it's a class action. It puts it into that category of class action claims that you see from time to time. Where they're trying to present as a class action something that should be presented to the agency. The Polanco case with the IRS having to do with withholding. Or the District of Columbia case with respect to health care discounts. The Viagra case that we saw. They're in the briefing. From time to time, people say, look, I want to bring in class action for purposes of a mass determination. But the real way to do it is by going before the agency. This is more like phallic, though. I mean, isn't this just a wheel spinning exercise now? No, Your Honor. No, for two reasons. Again, in phallic, there was no third party to appeal to. And the second thing in phallic, and I would re-emphasize this and encourage everybody to reread that. The specific claims in phallic were presented again and again and again. It had been adjusted. It was clear that they'd gone through line by line by line for years in phallic. Made actual adjustments to the amount. And then there was just this facial question that was not appealable. Here, critically, like in the MVM case, they talk about writing letters to us. The contracting office. But they never once wrote a letter to the government. They talked about interacting with the government at the district court for what? They came into court. They filed the briefs. And the first time they interacted with the government was when they came in on a statement of interest. They've addressed letters to us. But they've never gone directly to the government. So it's completely unlike phallic. So I asked your adversary whether he had made his position known to the government. I guess, really, he hasn't except for at that hearing in a limited fashion. I know of no interaction. And maybe I'm incorrect here, because they would know. But I personally, as I stand here today, know of no interaction on this directly with the government. I know of only interactions with the contract and, of course, at the hearing. And therefore, this is completely unlike the phallic case. Mr. Gassaway, thank you very much. And we'll hear from Mr. Flynn. Thank you very much, Your Honor. Here's Mr. Flynn. You don't need the entire 15 minutes if you agree with what Mr. Gassaway said. Oh, I guess I'm in the role of cleanup here. Hopefully, there are some issues that I can help clarify. My name is Chris Flynn from Crowell & Mooring, here on behalf of the Appellee Health Net Federal Services. As an initial matter, I, too, will address the jurisdictional issue that was presented by the court by letter last week. Based on our review of the jurisdictional statement that was in the first debrief of the plaintiffs and their representations here today, we join with our colleagues from Tri-West and believe that the merits of this appeal should be heard today and that the order, the dismissal without prejudice below, is, in fact, a final order for purposes of this court's jurisdiction under 28 U.S.C. section 1291. Why? Well, it appears— You said we should. Because they appear to be, at least from what I'm hearing, standing on their complaint. Okay, that's your position. And stating that they are going—they are not going to exercise their administrative appeal rights. And our understanding from the DeHart v. Horn cases and other cases like it is, in that situation where there is a dismissal without prejudice and there is an opportunity to exhaust, but a party chooses willingly and willfully not to exhaust, the order becomes final and there is subject matter jurisdiction for appeal here in this court. Okay. Turning to the— Can I ask you a question? Yes. You cross-appealed, right? We did. How do we have jurisdiction over the cross-appeal? It's my understanding that in order to have jurisdiction over the cross-appeal, the actual affirmative appeal has to be right. You were not an aggrieved party below, though, right? Well, below— You didn't lose. We didn't lose. Obviously, we won on one of the grounds that was raised in our motion to dismiss. Right. But we did not prevail on other arguments we made regarding whether or not the court had subject matter jurisdiction and whether or not, in fact, the government was the real party in interest. So in some sense, I think we are aggrieved, and for jurisdictional purposes, I think we are. But turning to the merits of the appeal— Aren't you simply giving us in your cross-appeal alternative grounds to affirm Judge Sleet? Well, actually, it wouldn't affirm Judge Sleet's ruling because if you—on the cross-appeal issues, it would vacate the jurisdiction of the district court. If the United States has made a party to the proceeding, the proceeding could not go forward in the District of Delaware. If there was a claim for money damages against the federal government, it could only proceed in the Court of Federal Claims under Tucker Act jurisdiction under 28 U.S.C. 1491. I want to address the merits issues that were raised by the panel earlier and some of the ways we see this is that they are trying to game the system. In addition to asking for a CMAQ, which is the maximum allowable charge under the regulation, they are also saying we are entitled to the difference between the CMAQ and whatever we bill, whatever we bill, under the guise of that portion that between the CMAQ and whatever they bill is, in fact, a facility charge. And there's been a lot of discussion by Council earlier today about whether or not that's permitted. And I want to point out that under the TRICARE program, which was established in the mid-1990s, one of the purposes of the establishment of TRICARE was to improve quality, cost, and accessibility of health care services to active-duty military and their families. And one of the means by which TRICARE was able to do that was the establishment of the maximum allowable charge methodology. So the idea that the hospitals would be entitled to the CMAQ and the facility charge runs counter to the entire TRICARE program as it was established in the mid-1990s. And, in fact, it would render the whole maximum allowable charge methodology a nullity, as the TMA pointed out in its statement of interest below. Sounds to me like you're arguing their argument. I'm not. That this should go back to the District Court, that there's going to be no basis for administrative appeal. No. There are two issues that are raised here. One, the administrative appealability. I'm pointing out the legal portion of that argument and the fallacy of the plaintiff's argument. But there are fact issues to be resolved by the agency. And, Judge Fischer, you raised… Which are what, under the existing regs? You raised the issue of how would they bill this under, I think, Box 47 of the UB92. That's really kind of the issue for dispute. But what you'll note is the hospitals in this case, even though they've billed thousands of these claims over the course of many years, haven't attached a single one of the actual claims to their complaint in this case. And there's a reason for that. Because what the administrative agency, what the TMA, could help resolve is looking at the fact question of what was billed. How did, in fact, did the hospitals bill for facility charges? Was there a line item associated with, as I think you gave an example of maybe radiology, or was there a separate line item for a facility charge? Would it have made a difference? Yes. Mr. Gassoway said that his client was going to follow the government's interpretation and not pay a facility charge. Facility charges are paid as billed. That's what the regulation says. Yes. But if a CMAQ is submitted and they separately create another line in the form and say, here is our facility charge and here is the backup documentation, your client might be prepared to pay that after administrative review? Depending on the purpose for which the facility charge was submitted. So your client is not going to feel bound by the government's interpretation of its own regulation. Is that what I'm hearing? No, not at all. In fact, our client's position is consonant with what the agency has said. The way you're saying your interpretation of what the agency said is different than what Mr. Gassoway said. No. That's what I heard him say to Judge Fisher's yes or no question. Mr. Gassoway said no. What does your client say? Will it pay it? Or what is the government's position in your client's view? In the example that Judge Fisher gave, whether or not a facility charge is payable for a specific medical service, the answer is the same as my colleagues from TriWest. If they build a facility charge for a, for example, a radiological service, that is not payable. However, if they build a facility charge for use of the emergency room, for example, on an outpatient basis, and for example, under this program, many claims the facility charge will be billed emergency room level three, and there's an amount associated with that. Our client and TMA, and I don't want to presume what TriWest would say, but our client and TMA say, yes, those emergency room charges, those general charges for the use of the facility, the use of the space, are to be paid as billed. And that's why I think it's curious that in a case that's over hundreds of millions of dollars, that plaintiff hospitals didn't attach a single one of the claims that they were paying. I'm sorry, I'm still not understanding. Sure, I'm sorry, I'm sorry to interrupt. Are you saying that some, through the administrative process, your client has the discretion to allow some facility charges, but not others? Is that what I just heard you say? If, yes, if a facility charge, there's a CMAQ submitted and a separate facility charge, in some instances, your client, through the administrative process, will pay the facility charge, in others it will not. Is that what I heard you say? Sure. And on what basis will it make the distinction? If the facility charge is submitted, if the facility charge is submitted by a hospital for use of the emergency room. Is that, is that the only distinction? Yes. Let's suppose they submitted a facility charge for room 520B, radiology suite, $250, would your client pay that? If, in fact, there was a determination that, in that instance, you're likening the facility charge to be associated with a specific portion of the care provided, it would not be paid as a facility charge. It is a general charge, facility charges are general charges made for use of the hospital space of lighting, the overhead costs. That's what it's supposed to be. And I think that it. Yeah, but what I heard you saying, we stick with this x-ray equipment. You'll, you'll pay for the x-ray equipment. You'll pay for the equipment. But what I hear the plaintiff saying is they want to be paid for the facility. And I think, I think the hospitals have been paid. But only the emergency room. You only want to acknowledge that you're responsible for paying for the emergency room. For the use of outpatient resources at a hospital, which are, as I understand it, billed almost uniformly as emergency room levels one through four, generally speaking. Right. And that's why, again, I think it's curious that in this case, the hospitals have not submitted a single one of their claims because I think what you find is they have been paid for facility charges in every one of the situations. So instead, what they submitted, not attached to their complaint, mind you. So you're saying they're not, what the hospital is calling a facility charge, you don't think is a facility charge. If you thought it was a facility charge, your client would consider paying it. But you think it's not a facility charge, and so you won't pay it. And is that what I'm hearing? Well, again, we don't know what the claims are. So we're doing a bit of guesswork here. We have the way they brief the issue, but we've never seen the physical claims, nor has the TMA. And that's exactly why the TMA needs to review. Well, if you're arguing that there's no futility, you have something in mind, and I'm simply trying to get to the bottom of it. Sure. If it's not futile, it's because the hospital can get some form of relief through the administrative process, correct? Correct. And you're saying the way it gets that relief is that your client is prepared to pay some facility, the example you gave to Judge Fisher was the emergency room, because that's actually for the use of a facility, and it's not a hidden additional fee that's tacked on, which is what you think they're trying to do, by just giving you a lump sum, give us the $100. Is that a yes? That's a yes. Excuse me. Okay. So, again, but we're talking about this in a vacuum. None of us have ever seen this panel, Judge Sleep below, the contractors, the TMA, none of us have actually seen those claims to see how, in fact, they bill for these facility charges. Would we be exceeding our jurisdiction if we chose to affirm Judge Sleep and say, yes, there has to be administrative exhaustion, but here's how we think the regulation should be interpreted? Whether or not your client or the government is correctly interpreting the regulation with respect to what is or isn't a facility charge and what should or shouldn't be paid, would that be in the interest of the judicial economy? No. I think the agency that has the expertise in both the promulgation and the administration of those regulations should be the ones applying those regulations to a specific set of facts, those facts being the actual claims in dispute. So we revamped, it goes, I'm sorry, we affirm, I apologize, it goes to an administrative exhaustion. How many months or years is that going to take? The contractor's role, as Mr. Gassoway said, is the first step, and then we're out of the process. Right. There are four steps all the way up to a designee of the Secretary of Defense. So that's certainly going to be a question of months. At least months. I think it's over a year. Over a year, and in the meantime, the hospitals carry these charges. They carry these charges, but remember, the hospitals always had the option to go through the administrative appeal process and chose not to do so. No, because they said they want their money more quickly than that, because they're getting paid pennies on the dollar in their view because of an incorrect legal interpretation by your client or by the government or both. That's what they say. But quite frankly, the way they did this is they didn't want the answer of the agency, because as we now know from the statement of interest, the agency disagreed with an interpretation that the hospitals would be entitled both to the maximum liable charge and to the facility charge. So you're saying it'd be inappropriate for us to pass on the pure legal issue and send it back? In the absence of applying it to a specific set of facts, I don't think that's advisable. Don't we already have the government's position? The government also said that it was unclear to them exactly what the plaintiffs were asking for. So they said if, in fact, they are asking for a facility charge in addition to a CMAQ, they are misinterpreting the regulation. In fact, they're misrepresenting our position with regard to the regulation. But I don't even think the agency in its statement of interest could quite determine that. And to a question that Judge Fisher, you asked Mr. Gassaway, the TMA was very clear in its statement of interest that if the plaintiffs were able to present evidence that they actually incurred facility charges and the contractors didn't pay for those facility charges, those would be payable and they could prevail. All right, Mr. Flynn, thank you very much. And we understand your position and we'll have Mr. Godfrey back on rebuttal. For three minutes. Very briefly. To answer your question, Your Honor, and I don't believe this is in the record, but since my brother said I'm nothing that he's aware of, just for sake of completeness, I am aware because I had the conversations myself. I've had several conversations with Gerald Wesley of TRICARE about these issues. Who is that exactly? He's actually on the brief as of counsel. He's in the general counsel's office. He's based out in Colorado and communications with Mr. Wesley. I also spoke with Harold Altschwager, don't ask me how to spell that, about this as well from TRICARE. So... Well, I don't want to burn up your time, but was that all in the context of this hearing with Judge Sleet or was it before? It was well before. Okay. And indeed, what we were told by Mr. Wesley was you need to deal with the contractors on this and because your relationship is with the contractors. That's nowhere in the record though, except for... Well, the effect of that is in the record because what we then communicated with the contractors and then the contractor, they said the way to go about it is we write to TRICARE and then TRICARE sends us those letters back, which are in the record. Right. And the backstory is my communications with Mr. Wesley and Mr. Altschwager. So just so the record is correct and complete, I wanted to make sure that you have the facts because those are the facts because I did it myself. Okay. Other than that, you've been very generous with my time and if there are any questions, I'd be happy to answer them. Well, do you have a reaction to this? I mean, obviously, we've been talking about your adversaries seem to think there are a great number of issues that need to go before, that need to be exhausted. Do you have a reaction to that? I do, Your Honor, and at the risk of being a broken record, I know you mentioned that. You got another minute. The Fallick case says, while Nationwide seeks to miscast this action as one primarily for a claim-by-claim payment of medical benefits, in reality, this action is only tangentially about the reimbursement of individual medical claims. Instead, this case centers on Fallick's attempt to challenge defendants across the board application of a methodology for determining, in that case, reasonable and customary limitations. That's really what this case is about. As I said in my opening remarks, we're not talking here about claims that were denied because someone wasn't eligible or claims that weren't denied because it wasn't a covered service. The only thing that we're talking about in this case are claims that were paid and the on the merits now, A, because we don't think it's an appealable issue because it is an interpretation of regulation, and B, even if we're wrong on that point, we think it would be futile, and I think the argument today demonstrated that, that there's no reason to make us go back and do this. And the Saro-Meadows case in this circuit is, I think, very on point, and I would commend that to the Court. If there are no other questions, I know my minute is up. Okay, Mr. Gottfried, thank you very much. And to both counsel, or all counsel, the matter is very well argued and we'll take the cases under advisement. Thank you very much.